**BARTHEL LEGAL, APC**
Nicholas Barthel, Esq. (319105)
nick@barthelbarthel.com
2173 Salk Ave., Ste. 250
Carlsbad, CA 92008
Telephone: (760) 259-0033
Facsimile: (760) 536-9010

**LOKER LAW, APC**
Matthew M. Loker, Esq. (279939)
matt@loker.law
1303 East Grand Avenue, Suite 101
Arroyo Grande, CA 93420
Telephone: (805) 994-0177
Facsimile: (805) 994-0197

*Attorney for Plaintiff*
*Bill Poulos*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **BILL POULOS,**<br><br>Plaintiff<br><br>v.<br><br>**LEXISNEXIS RISK SOLUTIONS, INC.**<br><br>Defendant | Case No.:<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF:**<br><br>**FAIR CREDIT REPORTING ACT**<br><br>**JURY TRIAL DEMANDED** |

# INTRODUCTION

1. Bill Poulos ("Plaintiff"), by Plaintiff's attorneys, brings this action to challenge the actions of LexisNexis Risk Solutions, Inc. ("LexisNexis") with regard to attempts by LexisNexis Risk Solutions, Inc. refusal to correct obvious inaccurate information.

2. The United States Congress has found that the banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system.

3. As such, Congress enacted the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA") to insure fair and accurate reporting, promote efficiency in the banking system and protect consumer privacy. The FCRA seeks to ensure consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers. The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

4. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

5. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

6. Unless otherwise stated, all the conduct engaged in by Defendant took place in California.

7. Any violations by each Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

8. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant.

## JURISDICTION AND VENUE

9. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 due to federal causes of action under 15 U.S.C. § 1681.

10. This action arises out of Defendant's violations of Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq*. ("FCRA").

11. Because Defendant conduct business within the State of California, personal jurisdiction is established.

12. Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) Defendant conducted business within this judicial district at all times relevant.

## PARTIES

13. Plaintiff is a natural person who resides in Upland, California.

14. LexisNexis is a credit reporting agency operating from the State of Georgia.

## FACTUAL ALLEGATIONS

15. Mr. Poulos is an elderly man that had a bank account with Bank of America.

16. On or about May 2023, a fraudster was able to gain unauthorized access to Mr. Poulos' bank account and withdraw approximately $400,000 from the account.

//

//

17. This fraudster was able to gain access to this account by calling Bank of America impersonating Mr. Poulos. The fraudster utilized the telephone number (949) ***-3492 ("(949) Number").

18. This number was associated with an AT&T account.

19. Mr. Poulos has never owned this number or been associated with it. Instead, Mr. Poulos has a number with Verizon.

20. Despite having no affiliation with this number, LexisNexis reported to Bank of America that Mr. Poulos was associated with the (949) Number in May 2023.

21. Upon information and belief, LexisNexis did not get this information from AT&T. LexisNexis did not receive this information from any legitimate source.

22. LexisNexis had no reasonable basis to come to the determination that Mr. Poulos was associated with this number.

### LEXISNEXIS' UNREASONABLE INVESTIGATION

23. After seeing LexisNexis' erroneous reporting that Bank of America relied on, Mr. Poulos reviewed his consumer disclosure from LexisNexis.

24. After reviewing his report, Mr. Poulos realized there were several errors.

25. In addition to the fraudster's telephone number, LexisNexis also put on Mr. Poulos' consumer disclosure that he was associating the fraudster's address (4521 Campus Dr.) and the fraudster's email address, as well as several other fraudulent emails.

26. LexisNexis was also reporting that the telephone number (949) ***- 4765 belonged to Mr. Poulos. However, this number was associated with the fraudsters and was utilized by them to open a credit card in Mr. Poulos name without his consent or authorization.

27. There were also hard inquiries from Barclay's Bank and Capital One that were filed in Mr. Poulos' name.

//

28. Mr. Poulos was listed as being associated with deed records on several addresses that he has no affiliation.

29. In fact, LexisNexis' reporting was so erroneous that Mr. Bill Poulos is listed as being "female" and "single" on several pages, despite being a married man.

30. Mr. Poulos sent LexisNexis a detailed letter listing out each of the above erroneous pieces of information.

31. Mr. Poulos also included an Upland Police report detailing the theft that occurred with Bank of America.

32. This letter and its attachments were delivered to LexisNexis on or about March 24, 2023.

33. During its investigation, LexisNexis never reached out to Plaintiff.

34. Upon information and belief, LexisNexis never reached out to the Upland Police or to AT&T.

35. On or about May 18, 2023, LexisNexis provided its investigation results.

36. LexisNexis did not provide notice to Plaintiff that Plaintiff's dispute was "frivolous or irrelevant," pursuant to 15 U.S.C. § 1681i(a)(3).

37. Despite the detailed nature of the dispute, LexisNexis did not correct the majority of the erroneous reporting.

38. The telephone and address associated with the fraudster remains on Plaintiff's consumer report.

39. Irrelevant addresses remained in Mr. Poulos' consumer report.

40. Lastly, Mr. Poulos was still being listed as being "single" and a "female".

41. Since Plaintiff's efforts to have his consumer report fixed were fruitless, Plaintiff was required to bring this action to finally resolve Plaintiff's remaining disputes.

//

//

# CAUSES OF ACTION CLAIMED BY PLAINTIFF
# VIOLATION OF THE FAIR CREDIT REPORTING ACT
# 15 U.S.C. §§ 1681-1681X (FCRA)

42. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

43. As discussed above, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

44. LexisNexis is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

45. The previously described acts and omissions constitute numerous and multiple violations of the FCRA, including but not limited to 15 U.S.C. §1681i and 15 U.S.C. §1681e(b).

46. As a result of each and every negligent violation of the FCRA, Plaintiff is entitled to actual damages, pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2), from each Defendant.

47. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages or damages of not less than $100 and not more than $1,000 and such amount as the court may allow, pursuant to 15 U.S.C. § 1681n(a)(1)(A); punitive damages as the court may allow, pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from each Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against each respective defendant for:

- An award of actual damages, in an amount to be determined at trial or damages of a maximum of $1,000 pursuant to 15 U.S.C. § 1681n(a)(1)(A), for each incident of willful noncompliance of the FCRA;

- An award of punitive damages, as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2), for each incident of willful noncompliance to the FCRA;
- An award for costs and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3), for each incident of negligent noncompliance of the FCRA;
- An award of actual damages in an amount to be determined at trial pursuant to 15 U.S.C. § 1681o(a)(1) for each incident of negligent noncompliance of the FCRA;
- An award of costs and litigation and reasonable attorney's fees pursuant 15 U.S.C. § 1681n(a)(3) and 15 U.S.C. § 1681o(a)(2) for each incident of noncompliance of the FCRA;
- Punitive damages according to proof as to the FCRA;
- Treble damages under Cal. Civ. Code § 3345; and,
- Any and all other relief the Court deems just and proper.

## TRIAL BY JURY

102. Pursuant to the United States' Constitution, Plaintiff is entitled to, and demands, a trial by jury.

Dated: 11 January 2024                                       Respectfully submitted,

**BARTHEL LEGAL, APC**

By:   /s/ Nicholas Barthel
NICHOLAS R. BARTHEL, ESQ
ATTORNEY FOR PLAINTIFF

https://www.barthelbarthel.com/

Dated: 11 January 2024  Respectfully submitted,

**LOKER LAW, APC**

By: /s/ Matthew M. Loker
MATTHEW LOKER
ATTORNEY FOR PLAINTIFF